SWAN F. ANDERSON, ET AL.

v.

STATE OF ILLINOIS.

*Opinion filed November 4, 1911.*

1. LICENSE FEE—*when no recovery of.* If a license to incorporate under the laws of this State be applied for and issued, but no further steps be taken to complete the incorporation, the applicants for the license may not have refunded to them the incorporation fee.

2. SAME—*retention by State.* The retention of the fee by the Secretary of State is in no way conditional upon the completion of the incorporation.

3. SAME—*not divisible.* The incorporation fee is indivisible.

A. D. Early, for Claimant.

W. H. Stead, Attorney General, for State.

Claimant, Swan F. Anderson, in his petition represents that he, with Charles Rystrom and Elmer Lutzhoff, all residents of the city of Rockford, applied for a license to incorporate the Rockford Tool Company with a capital stock of ten thousand ($10,000.00) dollars, which license was duly issued on the 20th day of January, 1906; that with the application for said license he remitted the sum of fifty-five ($55.00) dollars and received a voucher therefor. Claimant further states, that nothing further was done with reference to completing the organization of the said Rockford Tool Company, under the said application for said license; that immediately after the obtaining of said license they entered into the active manufacture of machinery, in accordance with the object set forth in their application, and carried on said business under the corporate name of Rockford Tool Company, and did so actively and under the full belief that said Rockford Tool Company was fully incorporated, until on or about the 19th day of October, 1910, when they discovered that their incorporation had never been completed.

Claimant further states in his petition, that on, to-wit; the 19th day of October, 1910, he, with two of the supposed stockholders of the said Rockford Tool Company, applied for and obtained a license to incorporate the Rockford Tool Company with a capital stock of fifty thousand ($50,000.00) dollars; that with the application for said license, they remitted the sum of ninety-five ($95.00) dollars, and received a voucher therefor; that further proceedings with reference to the said application of October 19, 1910, were thereafter taken and that a charter was duly issued to the Rockford Tool Company, by the State of Illinois, on said last application, and which charter was filed in the office of the recorder of deeds of Winnebago County, in the State of Illinois, and thereupon said last incorporation became complete.

To this claim, the State of Illinois, by W. H. Stead, Attorney General, filed a general demurrer. The general demurrer is sustained by the Court. The Attorney General in his demurrer contends that the claim in the above entitled matter and the matters therein contained, in manner and form as the above is set forth, are not sufficient in law for the claimant to maintain his action against the State of Illinois. The incorporation fee in this case was voluntarily paid. The provision of the statute in reference to the case at bar, paragraph 10a, chapter 53, Hurd's Revised Statutes, 1908, is as follows:

"All companies and corporations hereafter organized under the laws of the State of Illinois, before they shall be permitted to file any papers in the office of the Secretary of State, or make any application for the purpose of becoming incorporated, shall pay to him fees as follows: All companies having a capital stock of * * * $5,000 shall pay the sum of fifty dollars, and all companies having a capital stock of over five thousand dollars shall pay in addition to the said sum of fifty dollars the sum of one dollar for each one thousand dollars of capital stock over $5,000."

From the foregoing provision of law it is clear, that the payment of the said sum of fifty-five dollars was absolutely required by law, and was necessary to be complied with before the Secretary of State could issue a license to the Rockford Tool Company for the subscription of stock. The retention of the fee by the Secretary of State is in no way conditional upon the Commissioners completing the incorporation. In the case of *William McKinley, et al.* v. *State of Illinois,* in the Court of Claims, it was decided that an incorporation fee, voluntarily paid, was not divisible, and that the retention of the incorporation fee by the Secretary of State was in no way made conditional upon the Commissioners taking any further steps.

In section 4 of chapter 32, Hurd's Revised Statutes, 1908, of the State of Illinois, it is provided, that unless the proposed corporation shall be fully organized and proceed to business as provided for in the incorporation Act of the State of Illinois, that such license shall be deemed revoked, and all proceedings thereunder void. In the case at bar, the incorporation license was duly issued on the 20th day of January, 1906, and the incorporation of the said proposed corporation was never completed under the said license, according to the Incorporation Act of the State of Illinois. The Court has no authority to decide cases contrary to the plain provisions of the law. It is stated in the Incorporation Act of the State of Illinois, that the incorporation should be completed within two years after the date of the issuance of the license; otherwise, the license should be deemed revoked and all proceedings thereunder void.

The Court is bound by the foregoing specific provisions of law, and the demurrer is therefore sustained and the case dismissed.